UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRIAN DWIGHT PETERSON,

    Petitioner,

v.

SHERMAN CAMPBELL,

    Respondent.
_____/

Case No. 1:16-cv-1014

HON. JANET T. NEFF

# OPINION AND ORDER

This is a habeas corpus petition filed pursuant to 28 U.S.C. § 2254. The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R & R), recommending that this Court deny the petition (Pet., ECF No. 1; R&R, ECF No. 19). The matter is presently before the Court on Petitioner's objections to the Report and Recommendation (ECF No. 22). In accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections and issues this Opinion and Order. The Court will also issue a Judgment in this § 2254 proceeding. *See Gillis v. United States*, 729 F.3d 641, 643 (6th Cir. 2013) (requiring a separate judgment in habeas proceedings).

Petitioner raises six enumerated objections to the Magistrate Judge's Report and Recommendation. Petitioner subsequently filed a motion seeking leave to add missing language to the record and to amend or add to his objections (ECF No. 24). Petitioner has also filed a Pleading Submitting Rejected Documents containing a number of photographs, which the Court

construed as a motion to supplement the record (ECF No. 25). The Court separately addresses the objections and the motions.

1. Objections

First, Petitioner objects to the Magistrate Judge's finding that "because the 'grounds raised by [Petitioner] are meritless,' a detailed analysis of the procedural defaulted issues is unnecessary," (ECF No. 22 at PageID.2027). Petitioner provides no supporting argument or explanation for this objection, but merely cites "page 19-20" of the R&R. The purported quotation is not found on the cited pages. In any event, Petitioner's bare objection points to no error in the Magistrate Judge's rejection of Respondent's procedural default arguments, and the decision "to simply address Petitioner's claims on the merits" (ECF No. 19 at PageID.2006-2007). Therefore, the Court denies this objection.

Second, with regard to Petitioner's claims of ineffective assistance of counsel, Petitioner objects that his claims are meritorious, asserting that the Magistrate Judge "relied heavily on the Michigan Court of Appeals decision," rather than the Sixth Amendment or *Strickland v. Washington*, 466 U.S. 668, 688 (1984) (ECF No. 22 at PageID.2027). However, the Magistrate Judge correctly applied the governing law, including the *Strickland* standard, noting that review is "doubly deferential" in the context of a habeas petition. The Magistrate Judge properly concluded that Petitioner's ineffective assistance claims raised no issue warranting habeas relief (ECF 19 at PageID.2016-2020). Therefore, Petitioner's second objection is denied. To the extent Petitioner raises this same ineffective-assistance-of-counsel argument again in his fifth objection, that portion of Petitioner's fifth objection is also denied (ECF No. 22 at PageID.2030).

Third, Petitioner objects that the Magistrate Judge erred by including "improper facts" in the Report and Recommendation. (ECF No. 22 at PageID.2027-2028). Petitioner asserts that the

Magistrate Judge erroneously attributed a statement made by Detective Goodell to Lindsey West (*id.*, citing 7/10/13 Trial Tr. at PageID.756-63). Petitioner makes the bare assertion that the R&R is therefore "contrary to clearly established federal law" (*id*. at PageID.2028). Petitioner does not demonstrate that the Magistrate Judge misattributed testimony in summarizing the testimony of witness West (ECF No.19 at PageID.1996). Neither does Petitioner show how such a nominal misattribution in the statement of facts, even if it did occur, warrants habeas relief. Petitioner's third objection is denied.

Petitioner's fourth and fifth objections generally argue that error occurred with respect to evidence admitted against him at trial, including autopsy photographs and Detective Goodell's testimony concerning her interview with Petitioner (EFC 22 at PageID.2028-2030). Petitioner also objects that Magistrate Judge faulted Petitioner for failing to submit the photographs at issue since they should have been included with the trial court record.

Petitioner fails to show any error warranting habeas relief. The Magistrate Judge noted that "Petitioner cannot simply argue that the trial court's evidentiary ruling was incorrect"; instead, Petitioner has the burden of establishing that "the admission of the challenged photographs [evidence] denied him the right to a fair trial" (*id*. at PageID.2012). Although the Magistrate Judge noted that Petitioner failed to submit the photographs for proper consideration of this claim, the Magistrate Judge proceeded to address the general issue raised by Petitioner and properly concluded that Petitioner raised no claim upon which habeas relief may be granted (ECF No. 19 at PageID.2012-2014). Petitioner's evidentiary objections fail to show otherwise. Petitioner's fourth and fifth objections are denied.

Lastly, the Petitioner cursorily "strongly" objects to the Magistrate Judge's recommendation that a certificate of appealability be denied. Petitioner provides no argument to support this bare objection; therefore, it is denied.

2. Motions

Petitioner has filed a motion to add missing language to the record or to amend or add to his objections (ECF No 24). In the motion, Petitioner requests that his filing be added as an amendment to his objections. He states: "in order for the Petitioner's claims to be considered, the attached disk sent in by the Petitioner's mother, certified mail on 11/28/18 and the missing language of the transcript and the added background and Affidavit. [sic] The interrogation tapes and ex[hibi]t photographs shown to the jury along with the 911 recordings must be considered" (ECF No. 24 at PageID.2045). Attached to Petitioner's motion is a "Background," a section titled "Ineffective Assistance of Counsel," and an Affidavit (*id*. at PageID. 2047-2055).

The nature of Petitioner's requests and his submission are not entirely clear. The Court will accept the filing as a supplement to his objections. However, the Court discerns nothing in this material that alters the outcome of the R&R. To the extent that Petitioner seeks to add missing language or material to the trial court record, the Court finds no proper basis for altering the record and declines to do so. Likewise, to the extent Petitioner advances new arguments not raised before the Magistrate Judge, such arguments are improper at this stage of the proceedings, and the Court declines to entertain them. *See Glidden Co. v. Kinsella*, 386 F. App'x 535, 544 n.2 (6th Cir. 2010) (stating that while the Sixth Circuit has not squarely addressed whether a party may raise new arguments before a district judge that were not presented to the magistrate judge, the Sixth Circuit has indicated that a party's failure to raise an argument before the magistrate judge constitutes a waiver) (citing *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000)).

Petitioner's second motion is merely the submission of autopsy photographs referenced above in Petitioner's objections. They do not change the foregoing analysis of any of Petitioner's objections.

Thus, the Court grants Petitioner's motions to the extent they seek to supplement his objections; the motions are otherwise denied.

3. Certificate of Appealability

Having determined Petitioner's objections lack merit, the Court must further determine pursuant to 28 U.S.C. § 2253(c) whether to grant a certificate of appealability as to the issues raised. *See* RULES GOVERNING § 2254 CASES, Rule 11 (requiring the district court to "issue or deny a certificate of appealability when it enters a final order"). The Court must review the issues individually. *Slack v. McDaniel*, 529 U.S. 473 (2000); *Murphy v. Ohio*, 263 F.3d 466, 466-67 (6th Cir. 2001).

"Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack,* 529 U.S. at 484. Upon review, this Court finds that reasonable jurists would not find the Court's assessment of Petitioner's claims debatable or wrong. In accordance with the Magistrate Judge's recommendation, a certificate of appealability will therefore be denied.

Accordingly:

**IT IS HEREBY ORDERED** that the Petitioner's Objections (ECF No. 22) are DENIED and the Report and Recommendation of the Magistrate Judge (ECF No. 19) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that the Petitioner's Motions (ECF No. 24; ECF No. 25) are GRANTED IN PART AND DENIED IN PART; the motions are granted to the extent they supplement his objections; they are otherwise denied.

**IT IS FURTHER ORDERED** that the petition for habeas corpus relief (ECF No. 1) is DENIED for the reasons stated in the Report and Recommendation.

**IT IS FURTHER ORDERED** that a certificate of appealability pursuant to 28 U.S.C. § 2253(c) is DENIED as to each issue asserted.


Dated: September 27, 2019 	/s/ Janet T. Neff
JANET T. NEFF
United States District Judge